**UNITED STATES of America,**

v.

**James Vincent MATOS, Appellant.**

**No. 01–3279.**

United States Court of Appeals, Third Circuit.

Argued April 22, 2002.

Decided June 14, 2002.

Elizabeth T. Hey, (Argued) Robert Epstein, Defender Association of Philadelphia, Federal Court Division, Philadelphia, Pennsylvania, for Appellant.

Craig D. Margolis, (Argued) Office of United States Attorney, Philadelphia, Pennsylvania, for Appellee.

Before SCIRICA, RENDELL, and NOONAN,* Circuit Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

James Matos appeals from a judgment of conviction and sentence. Citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Matos contends the sentencing guidelines' career offender adjustment is inapplicable unless the elements of the adjustment were pleaded in the information and proved to a jury beyond a reasonable doubt. We will affirm.

I

After his arrest for robbing two federally insured banks in Pennsylvania, Matos pled guilty to two counts of bank robbery (18 U.S.C. § 2113(a)). Matos faced a maximum prison sentence of twenty years on each count. *See* 18 U.S.C. § 2113(a). The information did not cite the prior convic-

---

* The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

tions. At sentencing, the District Court found that Matos was a "career offender" under U.S.S.G. § 4B1.1[1] because (1) bank robbery constituted a "crime of violence" as defined in U.S.S.G. § 4B1.2;[2] (2) his criminal record included at least two prior convictions for crimes of violence; and (3) he was 18 or older at the time he committed the instant offense. As a "career offender," Matos' offense level was set at 32 because under 18 U.S.C. § 2113(a) the maximum sentence for bank robbery is 20 years. U.S.S.G. § 4B1.1.[3] Matos' receipt of an acceptance of responsibility credit reduced his offense level to 29. The "career offender" guideline specified a criminal history category of VI, resulting in a guideline sentencing range of 151–188 months. After departing downward based on Matos' extraordinary post-offense rehabilitation, the District Court imposed a sentence of 120 months imprisonment on both counts, to run consecutively.

Matos contends his prior convictions and status as a career offender should have been charged in the information and proven beyond a reasonable doubt to a jury because they were used to increase his sentence range. But when a sentence is imposed below the statutory maximum, it is not constitutionally objectionable under *Apprendi*. *United States v. Williams*, 235 F.3d 858, 863 (3d Cir.), *cert denied*, —— U.S. ——, 122 S.Ct. 49, 151 L.Ed.2d 19 (2001). As noted, Matos was sentenced to 120 months, well under the original statutory maximum of twenty years on each count (18 U.S.C. § 2113(a)). Therefore, Matos' "career offender" status did not result in a sentence beyond the statutory maximum. *Williams*, 235 F.3d at 863; *see also United States v. Pressler*, 256 F.3d 144, 159 (3d Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001).

## II.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

1. " § 4B1.1. CAREER OFFENDER

   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1

2. " § 4B1.2. DEFINITIONS OF TERMS USED IN SECTION 4B1.1

   (a) The term 'crime of violence' means any offense under federal or state law, pun-

ishable by imprisonment for a term exceeding one year, that—

   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2

3. Under U.S.S.G. § 4B1.1, if the statutory maximum for the offense is "20 years or more, but less than 25 years" the offense level is 32.